FILED
United States Court of Appeals
Tenth Circuit

September 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

DART CHEROKEE BASIN
OPERATING COMPANY, LLC;
CHEROKEE BASIN PIPELINE, LLC,

    Petitioners,

v.

BRANDON W. OWENS, individually
and on behalf of all others similarly
situated,

    Respondent.

No. 13-603
(D. Ct. No. 5:12-CV-04157-JAR-JPO)

---

**ORDER**

---

Before **KELLY**, **LUCERO**, **HARTZ**, **TYMKOVICH**, **HOLMES**, **MATHESON**, **BACHARACH** and **PHILLIPS**, Circuit Judges.[*]

---

    This matter is before the court on the petitioners' *Petition for Rehearing En Banc*. We also have a response. Both pleadings were circulated to all the judges of the court who are in regular active service and who are not recused in this proceeding.

    Upon consideration, a poll was requested and the votes were evenly divided.

---

[*]The Honorable Mary Beck Briscoe and the Honorable Neil M. Gorsuch are recused in this matter and did not participate in the court's en banc review.

Consequently, the poll did not carry and the en banc petition is denied. *See* Fed. R. App. P. 35(a)(noting a majority may direct en banc review).

Judges Kelly, Hartz, Tymkovich and Phillips would grant the petition, with Judge Hartz writing the attached formal dissent, in which Judges Kelly, Tymkovich and Phillips join.

                                                      Entered for the Court

                                                     ELISABETH A. SHUMAKER
                                                     Clerk of Court

13-603 - *Dart Cherokee Basin Operating v. Owens*

**HARTZ**, Circuit Judge, joined by **KELLY, TYMKOVICH**, **PHILLIPS,** Circuit Judges, dissenting:

This court owes a duty to the bench and bar to provide guidance regarding the procedural requirements of the Class Action Fairness Act of 2005 (CAFA). Yet it has let stand a district-court decision that will in effect impose in this circuit requirements for notices of removal that are even more onerous than the code pleading requirements that I had thought the federal courts abandoned long ago.

Petitioners removed this case to federal court under CAFA. The notice of removal alleged the amount in controversy to be over $8 million, comfortably above the jurisdictional requirement of $5 million, and explained how Petitioners arrived at that figure. After Owens moved to remand the case to state court, Petitioners submitted undisputed proof that the amount in controversy exceeded $14 million. Nevertheless, the district court granted Owens's motion. It did so only because the notice of removal itself had failed to provide evidentiary support, "such as an economic analysis . . . or settlement estimates" for the $8 million figure. Mem. & Order at 10, *Owens v. Dart Cherokee Basin Operating Co., LLC*, No. 12-4157-JAR (D. Kan. May 21, 2013).

Petitioners requested permission to appeal to this court under 28 U.S.C. § 1453(c), but a divided panel denied permission. Petitioners then sought en banc review of the panel's decision. I respectfully dissent from this court's denial of that request by an equally divided vote.

The district court's decision, although not an unreasonable interpretation of language in some of this court's opinions, is contrary to fundamental principles regarding the purpose and function of pleadings in federal court and to Congress's apparent understanding when it recently codified the procedure by which a removing party can establish the amount in controversy. It imposes an evidentiary burden on the notice of removal that is foreign to federal-court practice and, to my knowledge, has never been imposed by a federal appellate court (Owens does not cite to any such case). Unfortunately, this may be the only opportunity for this court to correct the law in our circuit. After today's decision any diligent attorney (and one can assume that an attorney representing a defendant in a case involving at least $5 million—the threshold for removal under CAFA—would have substantial incentive to be diligent) would submit to the evidentiary burden rather than take a chance on remand to state court; if so, the issue will not arise again.

Under the procedural system that has been in effect for almost 80 years, all a party must do in initiating a case in federal court is to submit a pleading that "contain[s] . . . a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and "a short and plain statement of the claim showing that the pleader is entitled to relief," *id.* at 8(a)(2). The party need not produce proof of an allegation in the pleading until the allegation is challenged by the opposing party or, perhaps, the court. Then the party must establish the alleged fact under the applicable burden of persuasion, ordinarily the preponderance of the evidence.

Until now, there has been no reason to believe that a different rule governs the jurisdictional allegations in a notice of removal. The applicable statute parrots Rule 8, requiring only that the notice "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Although the removing party must establish controverted jurisdictional allegations by a preponderance of the evidence, nothing in the removal statutes or Supreme Court decisions, or any holdings of this court, require submission of such evidence before the jurisdictional allegations are challenged.

Under this standard there should be no dispute that Petitioner's notice of removal was adequate, even if we apply *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in this context to require that the notice raise a plausible claim that the amount in dispute is at least $5 million. The pertinent paragraphs state:

> 9. [Owens's] Petition does not state a specific amount as damages. It does, however, pray for payment of royalties and interest claimed to be due to royalty owners who were paid royalties with regard to gas produced from wells located in Kansas in which DCBO [one of the Petitioners] has owned any working interest, for the period from January 1, 2002 to the present.
>
> 10. This matter involves approximately 700 wells that [DCBO] currently operates in Kansas. The purported class consists of royalty owners that own an interest in the wells in which [DCBO] has a working interest in Kansas. There are approximately 400 royalty owners with interests in the 700 wells at issue.
>
> 12. [Owens] claims that [DCBO] owes additional royalties because, among other things, [DCBO] (a) pays royalties based upon a below market price; (b) improperly deducts charges from the sales price for costs associated with gathering, compression, dehydration, and/or treatment for computing royalties; and (c) improperly shifts a portion of the conservation fee to royalty owners.

>    13.   [Owens] seeks to recover on behalf of a class of any royalty owner in any well located in Kansas in which [DCBO] has owned any working interest from January 1, 2002 to the present.
>
>    14.   [DCBO] has undertaken to quantify the amount of additional royalties that would be owed if all or substantially all of the adjustments to royalties advanced by [Owens] were found to be required to be made.
>
>    15.   Based upon this calculation of [Owens's] putative class claims, the amount of additional royalties sought is in excess of $8.2 million.

Notice of Removal at 3–4, *Owens,* No. 12-4157-JAR-JPO (D. Kan. Dec. 5, 2012).

Allegations of the amount in controversy are ordinarily much more abbreviated.

The Supreme Court has not imposed special burdens at the pleading stage with respect to jurisdictional issues. The sequence of pleading and proving jurisdiction is described in the discussion of standing in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992):

>    The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. *At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume the general allegations embrace those specific facts that are necessary to support the claim.* In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations but must set forth by affidavit or other evidence specific facts . . . .

(emphasis added) (citations, brackets, and internal quotation marks omitted).

Nor has the Court imposed special rules regarding the pleading of jurisdiction in the removal context. In a recent decision regarding CAFA jurisdiction, the Supreme

-4-

Court unanimously stated: "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. *When challenged on allegations of jurisdictional facts*, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (emphasis added) (citations omitted).

Here, Owens challenged the notice of removal and Petitioners responded with a declaration by an officer setting forth a calculation showing a potential liability far exceeding $5 million. See *Owens v. Dart Cherokee Basin Operating Co.*, 2013 WL 2237740, at *2 (D. Kan. May 21, 2013). The district court did not find the declaration lacking. It simply held that it came too late. First, it ruled that the notice of removal was inadequate. It explained:

> Although [Petitioners] state[d] in the Notice of Removal that they have "undertaken to quantify the amount of additional royalties that would be owed," *[Petitioners] fail[ed] to incorporate any evidence supporting this calculation in the Notice of Removal, such as an economic analysis of the amount in controversy or settlement estimates*. Accordingly, in the absence of such evidence, the general and conclusory allegations of the Petition and Notice of Removal do not establish by a preponderance of the evidence that the amount in controversy exceeds $5 million.

*Id.* at *4. It then stated, "Even assuming that [Petitioners] can now establish the amount in controversy exceeds $5 million, they were obligated to allege all necessary jurisdictional facts in the notice of removal." *Id.* at *5.

The burden imposed by the district court on Petitioners was excessive and unprecedented. The notice of removal adequately alleged jurisdiction, Petitioners' evidence of jurisdiction was more than adequate, and there was no basis for requiring

-5-

Petitioners to submit that evidence before the adequacy of the notice was challenged. In its response to Petitioners' petition for permission to appeal, Owens characterizes the issue before this court as follows:

> [Have Petitioners] met the criteria for interlocutory review of the district court's order granting remand where [Petitioners'] notice of removal offered no evidence to support its allegation that the amount in controversy was satisfied, even though [Petitioners] had evidence of the amount in controversy at the time of removal but did not offer that evidence until almost six months later?

Resp. to Pet. for Reh'g En Banc at 3–4, *Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13-603 (10th Cir. July 22, 2013). (I should note that the reason for Petitioners' delay in offering evidence is that all proceedings were stayed pending mediation. *See Owens*, 2013 WL 2237740, at *1.) I think the clear answer to the question is yes. Owens obviously reads the district court's decision as requiring the submission of evidence with a notice of removal. We have a duty to inform the bench and bar that the law imposes no such requirement.

The district court relied on our holding in *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), that a defendant who removes a case to federal court under diversity jurisdiction must establish the amount in controversy (if the plaintiff did not allege a sufficiently high amount) by a "preponderance of the evidence," *id.* at 954 (internal quotation marks omitted). But the preponderance-of-the-evidence standard is the typical standard by which an allegation in a pleading must be proved for the pleading party to prevail. Applying that standard of proof does not change the typical requirements for

-6-

pleading, and *McPhail* did not change them. This court's opinion did not address the questions presented here—(1) how much needs to be alleged in the notice of removal; and (2) after the notice is challenged, in what circumstances, if any, can the removing party rely on supporting evidence not submitted with the notice of removal? The proposition that evidence is not required at the pleading stage is clear from the opinion of the Seventh Circuit in *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006), on which *McPhail* heavily relied. Noting that the preponderance-of-the-evidence standard ultimately derives from the Supreme Court's opinion in *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936), the circuit court quoted the following sentence from that opinion, "*If [the] allegations* [by the party asserting jurisdiction] of jurisdictional facts *are challenged* by his adversary in any appropriate manner, *he must support them by competent proof*," *id.* at 189 (emphasis added). *See Sadowski*, 441 F.3d at 539–40.

Moreover, my view of the procedural requirements for establishing the amount in controversy for purposes of removal is apparently shared by the drafters of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the JVCA), which amended 28 U.S.C. §1446(c)(2). That paragraph now reads:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> (i)  nonmonetary relief; or

>> (ii) a money judgment, but the State practice
> either does not permit demand for a specific
> sum or permits recovery of damages in excess
> of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in
> controversy asserted under subparagraph (A) if the district court finds, *by
> the preponderance of the evidence*, that the amount in controversy exceeds
> the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2) (emphasis added).

As is apparent from the statutory language, Congress adopted the same preponderance-of-the-evidence standard endorsed in our *McPhail* opinion and the Seventh Circuit's *Sadowski* opinion. Indeed, the report of the House Judiciary Committee, where the JVCA originated, stated that the proposed statutory language "adopting the preponderance standard . . . would follow the lead of recent cases," and cited two opinions: *McPhail* and *Sadowski*. H.R. Rep. No. 112–10, at *16 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580. Yet the procedure described by the report is not the procedure adopted by the district court in this case. Immediately after citing the two opinions, the report states as follows:

> As those cases recognize, defendants do not need to prove to a legal
> certainty that the amount in controversy requirement has been met. Rather,
> *defendants may simply allege or assert that the jurisdictional threshold has
> been met*. Discovery may be taken with regard to that question. In case of
> a dispute, the district court must make findings of jurisdictional fact to
> which the preponderance standard applies.

*Id.* (emphasis added).

Interestingly, the JVCA, perhaps through inadvertence, explicitly applies to standard diversity removals but apparently does not apply to removals under CAFA.

-8-

Section 1446(c)(2) states that it applies when "removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a)." Removal under CAFA, however, is governed by § 1332(d). Nevertheless, as we stated in *Frederick v. Hartford Underwriters Insurance Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012), "[T]here is no logical reason why we should demand more from a CAFA defendant than other parties invoking federal jurisdiction." (internal quotation marks omitted).

In short, I think it is important that this court inform the district courts and the bar of this circuit that a defendant seeking removal under CAFA need only allege the jurisdictional amount in its notice of removal and must prove that amount only if the plaintiff challenges the allegation.

Finally, I would add a few words about our discretionary jurisdiction to review removals under CAFA. CAFA is a newcomer to the scene and its intricacies are unfamiliar to many of us. It will always be tempting for very busy judges to deny review of a knotty matter that requires a decision in short order. But we have an obligation to provide clarity in this important area of the law. A year before deciding to grant an appeal on the issue resolved in *Frederick* (whether CAFA removal can be avoided by a plaintiff seeking class certification if the plaintiff stipulates that the class would not seek damages at or above $5 million), we had refused to grant an appeal to review a district court's decision that was contrary to what we later decided in *Frederic*k. Yet the same issue was deemed sufficiently worthy of attention by the Supreme Court that it granted certiorari on the issue and reviewed a circuit decision not to grant permission to appeal.

*See Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345 (2013).  And that issue, unlike the one here, was one that would continue to arise because defendants seeking to remove under CAFA could do nothing to avoid the problem.  I hope we will be more willing in the future to grant requests for appeal.